Filed 11/19/25  P. v. Mata CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063779 |
| v. | (Super. Ct. No. 98WF2276) |
| ERIK MATA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Terri K. Flynn-Peister, Judge. Affirmed.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Evan Stele, Deputy Attorneys General, for Plaintiff and Respondent.

Erik Mata appeals from an order denying his petition for resentencing under Penal Code[1] section 1172.6. Because there is substantial evidence he was a major participant in the carjacking and acted with reckless indifference to human life, we affirm the order.

FACTS

Mata and his brother Juan worked at Slauson Foods with Ismael Galvan, who owned a Pontiac Trans Am. While at work one afternoon in 1998, at about 5:00 p.m., Mata saw his brother approach Galvan, who had stayed after his shift to wash his car. The two men began to argue, a fight ensued, and Mata saw his brother put a plastic bag over Galvan's head. Mata rushed over to help his brother in the fight, and the two men hit Galvan 16 or 17 times until he was unconscious. They then picked Galvan up and put him in his Trans Am, which Mata's brother used to drop Galvan near a dumpster.

Galvan's body was discovered near the dumpster at about 6:00 p.m., strangled and severely beaten. Medical evidence indicated he died between 4:00 and 5:00 p.m., and a Y-shaped ligature mark around the front of his neck, which could have been caused by a scrunched-up plastic bag, suggested he tried to get away when he was being strangled.

When interviewed by police, Mata confessed to helping his brother beat Galvan. Although he claimed he did not realize Galvan had died, Mata also repeatedly said his brother dropped off the "body," suggesting he knew Galvan was dead or dying after their interaction.

A jury convicted Mata of first degree murder and also found true a special circumstance allegation that the murder occurred during a carjacking. The trial court sentenced him to life in prison without the

_____

[1] All statutory references are to the Penal Code.

2

possibility of parole. We affirmed the judgment. (*People v. Mata* (June 10, 2002, G027359) [nonpub. opn.].)

In 2022, Mata filed a petition for resentencing under section 1170.95 (later renumbered section 1172.6), asserting he could not presently be convicted of murder under sections 188 and 189, which were amended in 2019 to limit the scope of the traditional felony-murder rule and eliminate the natural and probable consequences theory of murder.

After an evidentiary hearing, the trial court denied Mata's petition, finding he was a major participant in the carjacking who acted with reckless indifference to human life. The court observed "[t]he beating as well as the bag placed over the head goes beyond . . . a normal carjacking to get the car." And Mata "was not only near the person [who perpetrated the carjacking] but was part of it." He helped load "an unconscious individual who has been beaten so severely [and] had a bag placed over his head, . . . not knowing if he's dead or alive," and he did not do "anything to stop that or to convince [his brother] not to take him away or to seek help."

DISCUSSION

Effective January 1, 2019, the Legislature amended the Penal Code to limit the scope of the felony-murder rule and eliminate natural and probable consequences liability for murder as it applies to aiding and abetting. (§§ 188, subd. (a)(3), 189, subd. (e), as amended by Stats. 2018, ch. 1015, §§ 2–3.) As amended, section 189 now provides that murder "committed in the perpetration of . . . carjacking . . . is murder of the first degree," and a participant in the perpetration of a carjacking in which a death occurs is liable for murder if he was either "the actual killer" or "a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subds. (a), (e).)

Individuals who were convicted under the former laws on murder may seek resentencing or to have their convictions vacated if their conduct did not constitute murder as redefined under current law. (§ 1172.6, subd. (a).) "At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder . . . under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (*Id.*, subd. (d)(3).) Appellate courts "review the trial court's determination at the section 1172.6 evidentiary hearing for substantial evidence." (*People v. Nieber* (2022) 82 Cal.App.5th 458, 476.)

Under current law, a major participant in a carjacking that results in death is guilty of murder if he "acted with reckless indifference to human life." (§ 189, subds. (a), (e)(3).) Mata concedes he participated in the beating and helped load Galvan into the car, and therefore was a major participant in the carjacking.

Thus, the only question is whether substantial evidence supports the trial court's finding that Mata acted with reckless indifference to human life. We conclude it does.

"Reckless indifference to human life is 'implicit in knowingly engaging in criminal activities known to carry a grave risk of death.' [Citation.] Examples include 'the person who tortures another not caring whether the victim lives or dies, or the robber who shoots someone in the course of the robbery, utterly indifferent to the fact that the desire to rob may have the unintended consequence of killing the victim as well as taking the victim's property.'" (*In re Scoggins* (2020) 9 Cal.5th 667, 676 (*Scoggins*).)

To determine whether a defendant acted with reckless indifference to human life, courts "analyze the totality of the circumstances."

(*Scoggins, supra*, 9 Cal.5th at p. 677.) Relevant factors include whether the defendant was physically present at the crime, had the opportunity to restrain the crime or aid the victim, or made efforts to minimize the risks of violence during the felony, although no one factor is necessary. (*Ibid.*)

The record here includes ample evidence Mata acted with reckless indifference to human life. He concedes he was a major participant in the carjacking, which weighs toward a finding of reckless indifference. (See *People v. Clark* (2016) 63 Cal.4th 522, 615 ["'the greater the defendant's participation in the felony murder, the more likely that he acted with reckless indifference to human life'"].) And rather than trying to stop the attack when he saw the fight break out, he actively assisted his brother in the beating, continuing until their victim was unresponsive. Then, rather than calling for help or medical assistance, he helped load the body into the car for disposal. Finally, contrary to Mata's suggestion that his brother may have strangled Galvan separately, medical evidence indicates Galvan was dead or dying at 5:00 p.m., when the fight and carjacking occurred. Accordingly, substantial evidence supports the trial court's finding that Mata is guilty of murder under California law, as amended.

## DISPOSITION

The postjudgment order denying Mata's petition for resentencing is affirmed.


SCOTT, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


MOORE, J.